UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------X
UNITED STATES OF AMERICA,

MEMORANDUM AND ORDER

      -against-              CR-07-744(DRH)

FRANK M. LOBACZ,

             Defendant.
----------------------------X
A P P E A R A N C E S:

For the Government:
    Benton J. Campbell
    United States Attorney
    Eastern District of New York
    610 Federal Plaza
    Central Islip, New York  11722
      By:  Allen L. Bode, A.U.S.A.

For Defendant:
    Barry V. Pittman, Esq.
    26 Saxon Avenue
    Bay Shore, New York 11706

HURLEY, Senior District Judge

       Frank M. Lobacz ("defendant"), by notice of motion filed on January 15, 2010, has moved to limit the temporal scope of Counts One and Two of the pending multi-count indictment, and to dismiss Count Three.

       Count One charges defendant with being a member of a conspiracy to commit health care fraud from October 2, 2000 through to September 3, 2008 in violation of 18 U.S.C. § 1349. In Count Two, he is charged with executing and attempting to execute, together with others, a scheme to commit health care fraud in violation of Title 18 U.S.C. § 1347 during the October 2, 2000-September 3, 2008 time frame.  Defendant is charged in

Count Three with knowingly and willfully filing with the United States Department of Labor, Pension and Welfare Benefits Administration on or about October 15, 2003, a materially false Annual Return/Report of Employee Benefit Plan ("Form 5500") for calendar year 2002 in violation of 26 U.S.C. § 7206(1).

In seeking to pare the time frame alleged in Counts One and Two by eliminating all criminal activities said to have occurred before June 17, 2004, i.e. more than five years prior to the June 17, 2009 filing of the superceding indictment, defendant cites the statute of limitations set forth in 18 U.S.C. § 3282(3). But as to the Count One conspiracy charge, the law is well established in the Second Circuit that "conspiracy [i]s a 'continuing crime,' that is 'not complete until the purposes of the conspiracy have been accomplished or abandoned.'" United States v. Pizzonia, 577 F.3d 455, 466 (2d Cir. 2009)(quoting United States v. Eppolito, 543 F.3d 25, 47 (2d Cir. 2008)). As a result, if the conspiracy charged in Count One continued to operate within the five year period preceding the filing of the indictment as found by the grand jury, the statute of limitations is not a defense to the portion of the conspiracy which may have predated the five year mark. See United States v. Rutkoske, 506 F.3d 170, 174-75 (2d Cir. 2007); United States v. Mermelstein, 487 F. Supp. 2d 242, 252-54 (E.D.N.Y. 2007). The same rule applies to the continuing scheme alleged in Count Two. Which is

to say, all fraudulent submissions occurring as part of the charged overarching scheme are properly embraced within Count Two and, thus, that Count, like Count One, is not subject to temporal pruning as requested by the defense.[1]  <u>Rutkoske</u>, 506 F.3d at 174-75;  <u>Mermelstein</u>, 487 F. Supp. 2d at 253-54.

With respect to defendant's attack on Count Three, that attack is two pronged: (1) that the charged conduct occurred more than three years before the grand jury returned the current indictment, and (2) that insufficient evidence was presented to the grand jury to support the charge.  Neither claim has merit.

As noted, Count Three charges a violation of 26 U.S.C. § 7206(1).  The five year statute of limitations set forth in 18 U.S.C. § 3282(3), relied upon by defendant, is inapplicable. Instead, the six year statutory period provided in 26 U.S.C. § 6531 controls.  The superceding indictment was returned on June 17, 2009, and Count Three charges a false filing on or about October 15, 2003, i.e. within the six year period.

Defendant's alternate ground in seeking the dismissal of Count Three, viz. that insufficient evidence was presented to the grand jury to support the charge as opined by defense counsel in his affidavit in support, also lacks merit.  The law is clear

---

[1]  Given that defendant's statute of limitations attack on Counts One and Two lack merit, defendant's concomitant request that the government be precluded from introducing evidence as to either of those counts which predates June 17, 2004 is denied.

in the Second Circuit that an indictment sufficient on its face and returned by a properly constituted grand jury "cannot . . . be challenged on the grounds that it is based on inadequate or incompetent evidence." <u>United States v. Contreras</u>, 776 F.2d 51, 53-54 (2d Cir. 1985)(citing <u>Costello v. United States</u>, 350 U.S. 359, 363 (1956)) .

In addition to defendant's attack on various counts of the indictment as just discussed, he seeks an identification by the "government . . . of which documents it intends to use in its case in chief." Def.'s Not. of Motion at 2. That request certainly seems reasonable given that the documents produced by the government during discovery purportedly "exceed 47,000 pages." <u>Id.</u> In response, the government has indicated that:

> It is the practice of the government in this
> district to provide to the defense prior to
> trial, a copy of the exhibits sought to be
> introduced. In this case, voluminous records
> have been provided. The defendant is on
> notice that the government will seek to
> introduce these records. However, the
> government anticipates separately marking as
> exhibits, specific documents which are
> particularly relevant. The government
> anticipates providing a copy of such exhibits
> to the defendant prior to trial. No
> intervention by the Court is necessary at
> this time.

Gov't's Mem. in Opp'n at 7-8. This subject will be discussed at the scheduled Court appearance to be held on Thursday, April 8, 2010. Also during that session we will discuss the question of whether the defendant should be provided with some type of bill

of particulars under Count Two  so that he will be prepared to address the specific incidents that the government intends to present to the jury as being part of the ongoing scheme alleged in that count.  <u>See generally</u> <u>Mermelstein</u>, 487 F. Supp. 2d at 249-51.

SO ORDERED.

Dated: April 6, 2010
       Central Islip, New York

_____/s/_____
DENIS R. HURLEY, U.S.D.J.